J. HOLMES BAKER *v.* ANDREW C. COX, TAX COLLECTOR.

TAX SALES. *Fees. When payable. Code* 1892, §§ 1081, 3818. *Laws* 1898, *p.* 52.

Under code 1892, § 1081, forbidding officers (except in certain cases) from receiving fees for services not performed, a tax collector is not entitled to exact from the purchaser of land at tax sale the prepayment of the fees given by the act of 1898 (Laws 1898, p. 52) for services to be rendered nearly two years thereafter in notifying delinquents that the tax sale is about to become absolute.

FROM the circuit court of Sunflower county.

HON. FRANK E. LARKIN, Judge.

Baker, appellant, was the plaintiff in the court below; Cox, tax collector, appellee, was defendant there. The suit was a mandamus proceeding. It was decided in the court below for defendant, and the plaintiff appealed to the supreme court. The facts are fully stated in the opinion of the court.

*Baker & Moody,* for appellant.

By code 1892, § 1081, officers are forbidden to demand or receive fees before performing service, and it is made a crime to do so. There is an exception, code 1892, § 2004, but the general rule is announced by § 1081. The legislature did not intend by the act of 1898 (chapter 34) that the fees therein provided should be paid in advance. The services for which said fees are named are not to be rendered for nearly two years after the tax sale, and, in fact, will never be rendered in three-fourths of the cases where tax sales are had. It is well known

that a very large proportion of tax sales are redeemed shortly after the sales, certainly within one year thereafter. The act of 1898 does not evince a legislative purpose to make the fees named in it an exception to the general rule on the subject that officers can only demand fees after rendition of service, and the judgment appealed from is wrong and should be reversed.

*Johnson, Chapman & Neill*, for appellee.

It will be noted that chapter 34, Laws 1898 (Laws, p. 52) is an amendment to code 1892, § 3813, and that section, as it appears in the code, provides for payments by the tax purchaser at the time of the sale of "all costs and charges." Of course, the costs and charges so to be paid embrace fees to officers arising out of the sale. Now the amendment, Laws 1898, chapter 34, fixes other fees, and, of course, these, too, have to be paid as provided in the section—that is, at the time of the tax sale. Unless the purchaser is required to pay these fees at the time of the sale, they will never be paid at all, if the land is not redeemed. There is no provision of law for their collection unless the land is redeemed. It is no objection to our contention that the services in a particular case may never be rendered. The same objection can be made to other fees, the payment of which is beyond question chargeable to the tax purchaser.

TERRAL, J., delivered the opinion of the court.

Cox, the tax collector of Sunflower county, on the first Monday of March, 1901, sold lot 5 of block L in the town of Indianola, for the taxes due thereon, with costs and charges, when the same was struck off to J. Holmes Baker for the amount of said taxes, costs and charges. Immediately thereafter Baker tendered to Cox the amount of the tax, damages and costs then due; but Cox declined to receive the same unless he would also pay a charge of 75 cents for the clerk and of $1.50 for the sheriff, for fees under chapter 34, Laws 1898,

for services required to be rendered by them after one year and nine months from said day of sale.    The circuit court decided that the fees to become due under said chapter 34, Laws 1898, should be paid in advance, and Baker appeals.

Section 1081, code 1892, provides: ''If any sheriff, clerk or other officer shall knowingly demand and receive any fee for services not actually performed, such officer shall be guilty of extortion, and, on conviction, shall be punished by fine not exceeding three hundred dollars and imprisonment in the county jail not more than three months, or either, and shall be removed from office.''    And, in the face of this section of the code, we think the contention of Cox cannot be sustained. The services for which fees are here demanded cannot be rendered until a year and nine months after this demand, and may never be actually performed.    In the case of the sheriff, it is certain that the like service will not be performed by him on sales made in the third and fourth years of his office.    The services for which the fees are here attempted to be collected are a long distance in the future, and may never be actually performed, and we think our code does not contemplate their prepayment.    Certain fees of the sheriff must be paid in advance (§ 2004), but the fees here considered are not within that category.    We think the judgment of the circuit court is erroneous.

*Reversed and remanded.*